## No. 964.

### VINCENT BOAGNI vs. C. C. PICKETT.

This is a suit on a promissory note. The plea is payment. The evidence shows that the several payments of interest were at the rate of twenty per cent, but that they were, by agreement, imputed to the interest. Defendant contends he should have the full benefit of these payments as being in excess of the interest stipulated in the note. Neither usury nor prescription being pleaded by the parties respectively, the payments must be considered as executed contracts. Whether the defendant might have sued within a year of each payment to recover it back as usurious interest it is unnecessary to decide in this case.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Hudspeth*, J. *Lewis & Bro.* for plaintiff and appellee. *A. Bailey*, for defendant and appellant.

HOWELL, J. This is a suit on a promissory note made by defendant to the order of plaintiff on the twenty-eighth of July, 1870, for $5880, due first of January, 1871, with eight per cent interest after maturity and secured by mortgage. Judgment is asked for the amount of the note, less one hundred dollars paid on the fifteenth of February, 1875, with interest from first of January, 1875 (to which time it is admitted to be paid), five per cent attorney's fees, and costs.

The plea is payment. Judgment was rendered as prayed for, and defendant appealed.

The evidence shows that the several payments of interest were at the rate of twenty per cent, but that they were, by agreement, imputed to the interest. The plea of usury is not specially made, but defendant contends he should have the full benefit of these payments as being in

excess of the interest stipulated in the note. All the evidence is in without objection, and, neither usury nor prescription being pleaded by the parties respectively, we must consider the payments as executed contracts. And, it may be added, the payment of any thing but interest is not proved, which it was incumbent on defendant to do under the pleadings, the plaintiff having alleged that the interest to a certain date had been paid, and the defendant having pleaded payment in general terms. Whether the defendant might have sued within a year of each payment to recover it back as usurious interest it is unnecessary to determine in this case. Damages for a frivolous appeal are asked for, but under the circumstances we think they should not be allowed.

Judgment affirmed.